IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

IN RE: SEMCO MANUFACTURING  §     CASE NO. 22-70149
COMPANY, INC. §

**MOTION OF KATIE'S SEAFOOD TO DISMISS BAD FAITH BANKRUPTCY CASE WITH PREJUDICE FOR TWELVE MONTHS, AND FOR AN AWARD OF DAMAGES AND ATTORNEY'S FEES**

> THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE UNITED STATES BANKRUPTCY COURT:

Katie's Seafood LLC a/k/a Katie's Seafood Market (movant), respectfully shows:

1

**Relief Requested & Authorities**

1. **Eve-of Trial Filing by Defense Attorney**.   Movant asks this Court to dismiss the case with prejudice to re-filing for twelve months.  Movant is plaintiff in the suit numbered 19-CV-0191 pending before the 56th Judicial District of Galveston County, Texas.  Debtor herein is one of three affiliated defendants, all of whom are represented in the litigation by the attorney who filed this bankruptcy case.  The dispute regards the debtor's obligation to movant to fulfill a turnkey contract for the design, fabrication, delivery and installation of a commercial ice plant for use by movant.  A copy of movant's Fourth Amended Petition is attached and marked Exhibit A.   The allegations therein are hereby incorporated by reference.

2. This is a bad faith bankruptcy case filed on the weekend prior to commencement of jury selection in a long-awaited trial.  Due to the bankruptcy filing, trial—against *all* the non-settling defendants -- has been delayed.

3. **Attorney Signed for Corporation**.   It bears note that the attorney who filed the bankruptcy case also signed the voluntary petition *for the corporation*.  This, despite that the public record contains no evidence that he is an officer or director of the debtor.  An image of the Texas Secretary of State's management information for debtor is pasted below.  To the extent that the attorney had no corporate authority, that is additional reason for dismissal of this bankruptcy case.



4. **No Schedules or Creditors Matrix**.  Meanwhile, in violation of its duties under 521(a) and (b), this bankruptcy case has been on file for over a month and the debtor has filed no schedules and no creditors' matrix.  Nor does the docket reflect a B.R. 2016(b) statement.

5. **No Assets**.  On information and belief, the above-styled chapter 7 debtor has few or no assets.[1]  No legitimate purpose would be served by allowing this bankruptcy case to proceed.

6. The above-styled debtor, on information and belief, filed this case with <u>no</u> intent to prosecute it.   Instead, on information and belief, the case was filed for one reason only, to stop the trial against the debtor and the non-debtors.   Having obtained its goal, debtor makes no effort to comply with its continuing obligations under the Bankruptcy Code.

7. It has long been recognized, both in this Circuit and elsewhere, that "cause" for dismissal "include[s] the lack of good faith in [the] filing" of a bankruptcy case. E.g., *Humble*

---

[1] This week the undersigned conferred with proposed counsel for the chapter 7 trustee.  Based on that conversation, the trustee may allow that there are assets.

3

*Place Joint Venture v. Fory (In re Humble Place Joint Venture)*), 936 F.2d 814, 816–17 (5th Cir. 1991) (regarding a chapter 11 case). The determination of a debtor's good faith or lack thereof for this purpose is based on an "on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities." *Little Creek Dev. Co. v. Commonwealth Mortg. Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986). This standard "protects the integrity of the bankruptcy courts and prohibits a debtor's misuse of the process where the overriding motive is to delay creditors without any possible benefit, or to achieve a reprehensible purpose through manipulation of the bankruptcy laws." *Elmwood Dev. Co. v. Gen. Elec. Pension Tr. (In re Elmwood Dev. Co.)*, 964 F.2d 508, 510 (5th Cir. 1992).

8. To get another trial setting from the 56th Judicial District Court, it may take well over six months. To avoid another abuse of the bankruptcy process—i.e., another eve-of-trial bad faith bankruptcy filing -- this Court should dismiss the bankruptcy case with prejudice to re-filing for no fewer than twelve months. See §§1307(b) and (c); 109(g) (refiling barred for 180 days), and 349(a)[2] of the Bankruptcy Code.

> Section 109(g)(1) bars a debtor from filing a new bankruptcy case for 180 days if "the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case," while dismissal with prejudice "for cause" under § 349(a) is broader and "provide[s] bankruptcy courts with the power to sanction bad faith serial filers by forbidding further bankruptcy filings for longer than 180-day periods (the time period specified by § 109(g))"

*In re Jordan*, 598 B.R. 396, 410 (Bankr. E.D. La. 2019).

---

[2] "Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." (emphasis added).

9. **Request for Damages and Attorney's Fees**. Movant asks the Court to award it damages and attorney's fees it sustained as a result of this bad faith bankruptcy case. B.R. 9011 (no 21-day safe harbor if the conduct allegedly in violation of BR 9011 is the filing of a petition); 11 U.S.C. §105(a).

## Prayer

Movant prays that the Court enter the attached proposed order dismissing the case with prejudice to refiling for twelve months and awarding movant attorney's fees and damages incurred as a result of this bankruptcy case filing.

**O'CONNORWECHSLER PLLC**
By: ___/s/ Annie Catmull_____
Annie E. Catmull
State Bar No. 00794932
aecatmull@o-w-law.com
4400 Post Oak Plaza, Suite 2360
Houston, Texas 77027
Telephone: (281) 814-5977

**ATTORNEYS FOR MOVANT**

## CERTIFICATE OF SERVICE

I certify that on October 27, 2022, I caused service of this motion to dismiss via the Court's ECF system to all registered users who have appeared in this bankruptcy case. I further certify that I emailed a copy of the motion to dismiss to Max Beatty at max@beattypc.com , proposed counsel for the chapter 7 trustee, and to debtor at Semco Manufacturing Company, Inc., 705 East US HWY 83 Pharr, TX 78577.

By: _____Annie E. Catmull_____
Annie E. Catmull