United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 13, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 22-70149** |
| **SEMCO MANUFACTURING COMPANY, INC.,** | § | |
| | § | |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | **CHAPTER 7** |

# MEMORANDUM OPINION

In *In re Cruz*, this Court cautioned that "[w]hen lawyers compromise ethics for expediency, the results are predictable."[1] Once again, this Court emphasizes the importance of ethical considerations for lawyers and issues the instant Memorandum Opinion to underscore the gravity of these decisions. Pursuant to 11 U.S.C. § 707(a), Creditor Katie's Seafood seeks dismissal of the instant chapter 7 proceeding with prejudice to refiling. Inter alia, Katie's Seafood, LLC highlights that Semco Manufacturing Company, Inc's counsel, James E. Wimberley, improperly signed the chapter 7 petition on behalf of the corporation.

On January 3, 2023, the Court conducted a hearing and, for the reasons stated herein, finds that the instant bankruptcy petition was filed for an improper purpose and the case is dismissed with prejudice to refiling until January 12, 2024. Further, the Court finds that Katie's Seafood, LLC incurred reasonable and necessary attorney fees occasioned by Semco Manufacturing Company, Inc.'s bad faith filing. Semco Manufacturing Company, Inc.'s corporate representative Norman Caudle and its counsel, James E. Wimberley, are sanctioned in the amount of $22,002.50 and are jointly and severally liable for payment of the sanction award to Katie's Seafood, LLC.

## I. FINDINGS OF FACT

[1] No. 18-10208, 2020 Bankr. LEXIS 2298, at *1 (Bankr. S.D. Tex. 2020).

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

**A. Background**

1. On September 24, 2022, Semco Manufacturing Company, LLC ("*Debtor*" or "*Semco*") filed for bankruptcy protection under chapter 7 of the Bankruptcy Code[2] (the "*Original Petition*").[3]

2. On September 25, 2022, Semco filed an amended chapter 7 petition (the "*Amended Petition*").[4]

3. On October 27, 2022, Katie's Seafood, LLC ("*Katie's Seafood*") filed "Motion Of Katie's Seafood To Dismiss Bad Faith Bankruptcy Case With Prejudice For Twelve Months, and For an Award Of Damages and Attorney's Fees" ("*Motion To Dismiss*").[5]

4. On November 3, 2022, Catherine Stone Curtis, chapter 7 trustee (the "*Trustee*") filed "Trustee's Limited Response To Motion Of Katie's Seafood To Dismiss Bad Faith Bankruptcy Case With Prejudice For Twelve Months, and For an Award Of Damages and Attorney's Fees" ("*Trustee's Response*").[6]

5. On November 17, 2022, Debtor filed "Debtor's Response and Opposition To The Motion Of Katie's Seafood To Dismiss Bad Faith Bankruptcy Faith" ("*Debtor's Response*").[7]

6. On December 13, 2022, the Court held an initial hearing ("*Initial Hearing*") and continued the matter to a final hearing ("*Final Hearing*") to be held on January 3, 2023.[8] Additionally

[2] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C.
[3] ECF No. 1.
[4] ECF No. 1.
[5] ECF No. 11.
[6] ECF No. 13.
[7] ECF No. 15.
[8] ECF No. 23.

the Court issued an order to show cause ("*Show Cause Order*") wherein the Court ordered Semco's counsel, James Edward Wimberley, and its representative Norman Caudle were to personally attend the Final Hearing. At the Final Hearing, James Edward Wimberley and Norman Caudle were required show cause as to: (i) why they should not be sanctioned for failure to comply with, inter alia, Rules 1008, 5005 and 9011 by having James Edward Wimberly sign the bankruptcy petition as an authorized representative of Semco Manufacturing Company, Inc. when no such authority existed for James Edward Wimberley to sign the petition on behalf of Semco and (ii) why the instant bankruptcy petition was not filed in bad faith and the entry of appropriate sanctions.[9]

7. On December 20, 2022, Katie's Seafood filed "Fee Applications Of Counsel For Katie's Seafood, Creditor" ("*Fee Application*").[10]

8. On December 20, 2022, Semco filed an amended chapter 7 petition ("the *Second Amended Petition*")[11] as well Schedules A/B, D, E/F, and G ("*Schedules*").[12]

9. On January 3, 2023, the Court held the Final Haring and now issues its instant Memorandum Opinion.[13]

## II. CONCLUSIONS OF LAW

### A. Jurisdiction, Venue and Constitutional Authority to Enter a Final Order

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[14] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[15] This court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) this proceeding contains core matters, as it primarily involves proceedings concerning the administration of this estate.[16] This proceeding is also core under the general

[9] ECF Nos. 24, 36.
[10] ECF No. 33.
[11] ECF No. 45.
[12] ECF No. 46.
[13] ECF No. 51.
[14] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[15] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[16] *See* 11 U.S.C. § 157(b)(2)(A) & (O).

"catch-all" language because such a suit is the type of proceeding that can only arise in the context of a bankruptcy case.[17]

Additionally, while bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[18] Here, the acts that led to the issuance of the Show Cause Order mainly concern the conduct of the attorney who is counsel for Semco.[19] This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Furthermore, the Court has the power to police conduct of attorneys who appear in this Court and to take action with respect to those attorneys who misbehave.[20] Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order.[21]

Finally, this Court may only hear a case in which venue is proper.[22] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Debtor has its principal place of business in Pharr, Texas[23] and therefore, venue of this proceeding is proper.

---

[17] *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.*), 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") (quoting *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir. 1987)).

[18] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).

[19] ECF No. 24.

[20] *Chambers v. NASCO*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Knight v. Luedtke (In re Yorkshire, LLC)*, 540 F.3d 328, 332 (5th Cir. 2008).

[21] *See, e.g., Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis)*, No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect'…. We decline to extend *Stern's* limited holding herein.") (citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).

[22] 28 U.S.C. § 1408.

[23] ECF No. 1.

## III. ANALYSIS

### A. Whether Semco's chapter 7 petition was filed in bad faith

Prior to the filing of the Original Petition, Katie's Seafood initiated an action against Semco in suit numbered 19- CV-0191 before the 56th Judicial District of Galveston County, Texas ("*State Court Litigation*").[24] The pre-petition State Court Litigation involves the Debtor's alleged obligation to Katie's Seafood to fulfill a turnkey contract for the design, fabrication, delivery and installation of a commercial ice plant for use by Katie's Seafood.[25] Debtor is one of three affiliated defendants, all of whom are represented in the litigation by James E. Wimberley, the attorney who filed the instant bankruptcy petition on behalf of Debtor.[26]

In its Motion To Dismiss, Katie's Seafood seeks dismissal of the instant chapter 7 proceeding with prejudice to refiling for a period of one year.[27] Pursuant to 11 U.S.C. § 707(a), the Court "may dismiss a case under this chapter … for cause."[28] Section 707 does not define "cause," but instead provides a list of examples, like the debtor's unreasonable delay of the proceedings, failure to pay required fees, or untimely filing of schedules and financial statements.[29] The examples, however, are illustrative, not exhaustive.[30] "Cause" is a broad concept, designed to "afford flexibility to the bankruptcy courts."[31] This flexibility derives from bankruptcy's equitable roots.[32] The Fifth Circuit has instructed courts to "weigh the benefits and prejudices" of dismissal—to the debtor, creditors, and the bankruptcy system—when deciding a § 707(a) motion.[33]

---

[24] ECF No. 11 at 2, ¶ 1.
[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] 11 U.S.C. § 707(a).
[29] 11 U.S.C. § 707(a)(1)-(3).
[30] *Kelley v. Cypress Fin. Trading Co., L.P. (In re Cypress Fin. Trading Co., L.P.)*, 620 F. App'x 287, 289 (5th Cir. 2015).
[31] *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986).
[32] *Id.*
[33] *Id.* at 1073.

Here, Katie's Seafood alleges that Semco's bankruptcy case was filed in bad faith because: (1) Semco's counsel, James Wimberley, improperly signed the chapter 7 petition as Semco's representative; (2) Semco failed to promptly file its schedules and creditor's matrix; (3) the bankruptcy case was filed on the eve of jury selection in state court; and (4) Semco has no assets to administer.[34] The Court will discuss each in turn.

**1. Bankruptcy Petition signature**

On September 24, 2022, the Original Petition was filed by Semco's counsel, James Wimberley, on behalf of Semco.[35] In section 18 of the Original Petition, entitled "Signature of attorney," James Wimberley signed.[36] However, James Wimberley also signed section 17 of the Original Petition entitled "Declaration and signature of authorized representative of debtor."[37] Underneath his signature in section 17, he listed his title as "Attorney for the Debtor."[38] On September 25, 2022, the Amended Petition was filed in which James Wimberley once again signed section 17 as Semco's authorized representative.[39] Notably, James Wimberley's signature is the only one to appear in either petition.[40] Finally, on December 20, 2022, Semco filed the Second Amended Petition in which Norman Caudle signed section 17 as "Vice President."[41]

As will be discussed more fully below, the inclusion of James Wimberley's signature in section 17 of the Original Petition and the Amended Petition violates Bankruptcy Rules 1008, 5005, and 9011 as well as Bankruptcy Local Rules 1001-1 and 5005-1.

**a. Whether Semco and James Wimberley violated Bankruptcy Rule 1008**

---

[34] *Id.*
[35] ECF No. 1.
[36] *Id.*
[37] *Id.*
[38] *Id.*
[39] ECF No. 2.
[40] ECF Nos. 1, 2.
[41] ECF No. 45.

Bankruptcy Rule 1008 mandates that "[a]ll petitions, lists, schedules, statements and amendments thereto shall be verified or contain a sworn declaration as provided in 28 U.S.C. § 1746."[42] Rule 1008 has been interpreted to mean that debtors must sign all enumerated documents "as a means of not only authorizing the filing of those documents, but of verifying, under penalty of perjury, that they have reviewed the information contained therein and that it is true and correct to the best of their knowledge, information and belief."[43] Separately, Debtors' attorneys also have their own corresponding duty under Bankruptcy Rule 1008 — "any attorney who files schedules and statements on a debtor's behalf makes a certification regarding the representations contained therein."[44] The attorney's certification is not an "absolute guaranty of accuracy," but is instead an endorsement "based upon the attorney's best knowledge, information and belief, 'formed after an inquiry reasonable under the circumstances.'"[45] What constitutes an "inquiry reasonable" under the circumstances must be taken up on a case-by-case basis.[46]

In this case, both Semco and James Wimberley violated their individual duties under Bankruptcy Rule 1008. First, Semco violated Bankruptcy Rule 1008 by failing to include a signature from a proper authorized representative.[47] Section 17 of the official form calls for an authorized representative of the debtor.[48] Although James Wimberley may be serving as counsel to Semco, that does not make him an authorized representative with the requisite authority to act on behalf of the corporation. Bankruptcy Rules, Local Rules, and case law collectively provide that an

---

[42] FED. R. BANKR. P. 1008.

[43] *In re Bradley*, 495 B.R. 747, 778 (Bankr. S.D. Tex. 2013) (citing *Briggs v. LaBarge (In re Phillips)*, 317 B.R. 518, 523 (B.A.P. 8th Cir. 2004); *In re Wenk*, 296 B.R. 719, 727 (Bankr. E.D. Va. 2002)).

[44] *In re Withrow*, 405 B.R. 505, 512 (B.A.P. 1st Cir. 2009).

[45] *Id.* (quoting *Nosek v. Ameriquest Mortg. Co. (In re Nosek)*, 386 B.R. 374, 381 (Bankr. D. Mass. 2008) aff'd in part, vacated in part, 406 B.R. 434 (D. Mass. 2009) aff'd in part, modified in part, 609 F.3d 6 (1st Cir. 2010)); FED. R. BANKR. P. 1008.

[46] *In re Tabor*, 583 B.R. 155, 186 (Bankr. N.D. Ill. 2018).

[47] *See In re Santos*, 616 B.R. 332, 350 (Bankr. N.D. Tex. 2020) (finding that under Fed. R. Bankr. P. 1008, the debtor must sign the bankruptcy petition).

[48] *See* Official Form 201.

attorney may not sign a bankruptcy petition in lieu of an authorized representative of an entity debtor or on behalf of an individual debtor.[49] Here, Semco violated Bankruptcy Rule 1008 by failing to affix a signature to the bankruptcy petition from a properly authorized representative.

Furthermore, Bankruptcy Rule 1008 was violated by James Wimberley by filing the Original Petition and the Amended Petition without a reasonable inquiry. Although what constitutes an "inquiry reasonable" under the circumstances must be taken up on a case-by-case basis,[50] courts have noted that "[a] voluntary petition filed without the debtor's signature … indicates a filing that has no basis in fact."[51] In this case, at the Final Hearing, James Wimberley conceded that he did not obtain a signature from a properly authorized representative of Semco prior to filing the Original Petition or the Amended Petition.[52]

Additionally, the finding that James Wimberley failed to make a reasonable inquiry into the Original Petition and the Amended Petition is further supported by the inconsistencies between the Original and Amended Petition, and the Schedules later filed on December 20, 2022. In the Original and Amended Petitions, Semco estimated its liabilities to be between $100,001 - $500,000 and its assets to be between $100,001 - $500,000.[53] Of course, no schedules were attached to the Amened Petition supporting this estimation when it was filed on September 25, 2022.[54] Instead, nearly three months accrued before Semco filed its Schedules on December 20, 2022, by order of the Court.[55] Unsurprisingly, the estimations made in the Amened Petition without the signature of a proper authorized representative varied significantly from the December 20, 2022 Schedules.[56]

---

[49] *See In re Hazelton Tr.*, No. 22-17022-MAM, 2022 Bankr. LEXIS 2917, at *11 (Bankr. S.D. Fla. 2022); FED. R. BANKR. P. 1008, 9011; S.D. Tex. Local Bankr. R. 1001-1, 5005-1.
[50] *In re Tabor*, 583 B.R. 155, 186 (Bankr. N.D. Ill. 2018).
[51] *Briggs v. LaBarge (In re Phillips)*, 317 B.R. 518, 523-24 (B.A.P. 8th Cir. 2004).
[52] *See* January 3, 2023, Min. Entry.
[53] ECF Nos. 1 at 4, 2 at 4.
[54] ECF No. 2.
[55] ECF No. 45.
[56] ECF No. 46.

In the Schedules, Semco listed $650,000 in assets and $1,048,362.50 in liabilities.[57] The fact that the properly signed Schedules differed so radically from the Amened Petition further demonstrates that James Wimberley originally failed to make a reasonable inquiry before filing the Original Petition or the Amended Petition.

Accordingly, both Semco and James Wimberley violated Bankruptcy Rule 1008.

**b. Whether Semco and James Wimberley violated Bankruptcy Rule 5005 and Bankruptcy Local Rules 1001-1 and 5005-1**

Bankruptcy Rule 5005(a)(2) authorizes bankruptcy courts "to permit documents to be filed, signed or verified by electronic means . . ."[58] When the filing of bankruptcy documents is accomplished by electronic means, Bankruptcy Rule 5005(a)(2), together with Bankruptcy Rule 9029, allow courts to adopt procedures and protocols to administratively handle the electronically filed documents.[59] Acting under this authority, this district has issued Bankruptcy Local Rules 1001-1 and 5005-1, which authorize "Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts" (the "*Procedures*").[60]

Here, Semco did not comply with section III, part B, paragraph 3 of the Procedures, which states:

> Within five (5) business days of the filing by electronic means of a bankruptcy petition, list, schedule, or statement that requires verification or an unsworn declaration under Fed. R. Bankr. P. 1008, the Electronic Filer shall tender to the court in paper format the appropriate "Declaration for Electronic Filing" substantially conforming either to Exhibit 'B-1,' 'B-2,' or 'B-3,' which has been executed by any individual debtor or by the authorized representative of any corporate or partnership debtor. Such Declaration shall be thereafter maintained by the Clerk of the Authorizing Court in paper format.[61]

---

[57] *Id.*
[58] FED. R. BANKR. P. 5005(a)(2).
[59] *Id.*; FED. R. BANKR. P. 9029.
[60] S.D. Tex. Local Bankr. R. 1001-1, 5005-1.
[61] Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts (III)(B), ¶ 3.

As analyzed above, both the Original Petition and the Amended Petition required verification pursuant to Bankruptcy Rule 1008. Thus, Semco violated paragraph 3 because no Declaration for Electronic Filing accompanied either the Original Petition or the Amended Petition.[62] Although, nearly three months later Semco properly included a Declaration for Electronic Filing along with its Schedules,[63] this does not erase the previous violations.

Furthermore, Semco also violated section III, part B, paragraph 4 of the Procedures. This paragraph, entitled "Retention of Documents with Third-Party Signatures," sets forth:

> Except as otherwise set forth in this Appendix, or as otherwise ordered by the Authorizing Court, documents which contain the original signature of any party other than the Electronic Filer, other than a Declaration for Electronic Filing as referenced above, shall be retained by the Electronic Filer for a period of not less than five (5) years after the case of adversary proceeding is closed, and upon request, such original document must be provided to the court of other parties for review.[64]

Because Semco never obtained a proper authorized representatives' original signature, it did not, and could not, comply with paragraph 4 of part B.

Semco's failure to comply with paragraphs 3 and 4 of section III, part B of the Administrative Procedures for Electronic Filing means that it has never been in compliance with the Procedures and, in turn, Semco has violated Bankruptcy Local Rules 1001-1 and 5005-1. Further, because Semco violated these Local Bankruptcy Rules, Semco also violated Bankruptcy Rule 5005(a)(2), which requires that documents be filed in accordance with local rules.[65]

Accordingly, Semco and James Wimberley violated Bankruptcy Rule 5005 and Bankruptcy Local Rules 1001-1 and 5005-1.

**c. Whether Semco and James Wimberley violated Bankruptcy Rule 9011**

---

[62] ECF Nos. 1, 2.
[63] ECF No. 46.
[64] Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts (III)(B), ¶ 4.
[65] FED. R. BANKR. P. 5005(a)(2).

Bankruptcy Rule 9011 requires every petition to be signed by an attorney of record in the case, and by signing the petition, the attorney certifies that to the best of his or her knowledge, there is a factual and legal basis for the petition.[66] In other words, the attorney must make a reasonable inquiry into whether there is a factual and legal basis for a claim before filing.[67] Here, the problem is not that James Wimberley failed to sign the Original Petition or the Amended Petition. Indeed, not only did he properly sign section 18 as Debtor's attorney, but he also erroneously signed section 17 in place of Semco's authorized representative.[68] Similar to Bankruptcy Rule 1008, however, James Wimberley violated Bankruptcy Rule 9011 by failing to make a reasonable inquiry into the factual and legal basis of Semco's Original Petition and Amended Petition.

Accordingly, James Wimberley violated Bankruptcy Rule 9011.

**d. Impact of Bankruptcy Rule and Local Rule violations**

In sum, Semco and James Wimberley's signatures, or lack thereof, have resulted in violations of Bankruptcy Rules 1008, 5005, and 9011 as well as Bankruptcy Local Rules 1001-1 and 5005-1. Notably, however, these rule violations do not erase the Court's jurisdiction over Semco's bankruptcy case. Regarding bankruptcy petitions, Courts have long held that an "imperfect verification is not a jurisdictional defect." [69] Instead, violation of these rules by Semco and James Wimberley merely created a procedural defect to which an "amendment may cure [the] imperfect verification[.]"[70]

---

[66] FED. R. BANKR. P. 9011(b).
[67] *Briggs v. Labarge (In re Phillips)*, 433 F.3d 1068, 1071 (8th Cir. 2006).
[68] ECF Nos. 1, 2.
[69] *In re Royal Circle of Friends Bldg. Corp.*, 159 F.2d 539, 541 (7th Cir. 1947); *see also Paccar Fin. Corp. v. Mid-American Lines (In re Mid-American Lines)*, 178 B.R. 514, 516 (D. Kan. 1995).
[70] *In re Koliba*, 338 B.R. 39, 46 (Bankr. N.D. Ohio 2006); *In re Royal Circle of Friends Bldg. Corp.*, 159 F.2d at 541; *see also In re Mid-American Lines*, 178 B.R. at 516; 5A C. Wright & A. Miller, Federal Practice and Procedure § 1339.

Nonetheless, although the violations of Bankruptcy Rules 1008, 5005, and 9011 as well as Bankruptcy Local Rules 1001-1 and 5005-1 do not strip this Court of jurisdiction, they are still still strong evidence of bad faith. As stated above, a debtor's "unreasonable delay of the proceedings" may constitute cause for dismissal under § 707(a).[71] While Semco and James Wimberley's failure to comply with these rules is concerning, far more concerning is the fact that the problems remained unaddressed for nearly three months.

Here, the Original Petition was filed on September 24, 2022[72] and the Amended Petition a day later, on September 25, 2022.[73] At the latest, Semco and James Wimberley became aware of the various signatory defects on October 27, 2022, when Katie's Seafood filed its Motion to Dismiss.[74] In the Motion to Dismiss, Katie's Seafood asserted:

> It bears note that the attorney who filed the bankruptcy case also signed the voluntary petition *for the corporation*. This, despite that the public record contains no evidence that he is an officer or director of the debtor. An image of the Texas Secretary of State's management information for debtor is pasted below. To the extent that the attorney had no corporate authority, that is additional reason for dismissal of this bankruptcy case.[75]

Rather than promptly address the signatory defect, Semco and James Wimberley took no immediate action.[76] Instead, on December 20, 2022, Semco finally filed the Second Amended Petition in which Norman Caudle signed line 17 as the debtor's representative.[77] There, he listed his position with Semco as Vice President.[78]

---

[71] 11 U.S.C. § 707(a)(1)-(3).
[72] ECF No. 1.
[73] ECF No. 2.
[74] ECF No. 11.
[75] *Id.* at 2, ¶ 3.
[76] *See* docket.
[77] ECF No. 45.
[78] *Id.*

James Wimberley attempts to explain Semco's prolonged non-compliance by stating that he took on an unexpectedly large state court case that occupied his time during November.[79] While the Court appreciates James Wimberley's taking personal ownership, this excuse simply carries no weight in the pending bad faith analysis. Here, Semco's failure to rectify numerous violations of Bankruptcy Rules and the Local Rules between Katie's Seafood's October 27, 2022 Motion to Dismiss and December 20, 2022 when Semco finally filed the Second Amended Petition, constituted an "unreasonable delay of the proceedings." Therefore, Semco's signatory defects and its failure to promptly rectify them, demonstrates that Semco acted in bad faith pursuant to § 707(a) and constitutes cause for dismissal.

Thus, James Wimberley and Semco's various signatory defects support dismissal of Semco's bankruptcy case for bad faith.

**2. Failure to promptly file schedules and a creditor's matrix**

Pursuant to § 521, unless the court orders otherwise, a debtor must file a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs.[80] Debtors "have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or unavailable to the bankruptcy estate."[81] Debtors also have an absolute duty to ensure one's schedules and statement of financial affairs is complete and accurate.[82] The consequences for playing fast and loose with the Bankruptcy Code's disclosure requirements are severe.[83] Evidence that a debtor withheld financial information may result in a

---

[79] *See* January 3, 2023, Min. Entry.
[80] *In re Ozcelebi*, 639 B.R. 365, 397 (Bankr. S.D. Tex. 2022).
[81] *In re Fonke*, 310 B.R. 809, 817 (Bankr. S.D. Tex. 2004) (quoting *In re Yonikus*, 974 F.2d 901, 904 (7th Cir. 1992)).
[82] *Unruh v. Tow*, 2006 U.S. Dist. LEXIS 112546, at *5 (S.D. Tex. Jan. 30, 2006).
[83] *See In re Unruh*, 2005 Bankr. LEXIS 1284, at *11 (Bankr. S.D. Tex. 2005).

finding of bad faith.[84] Failing to cooperate with the Trustee, provide accurate information to the Trustee, and file accurate schedules constitutes cause for dismissal.[85]

Upon filing the Amended Petition, the clerk of the Bankruptcy Court notified Semco that its schedules and a list of creditors must be filed no later than fourteen days after notice was served on September 26, 2022.[86] Despite this, Semco failed to file any schedules or its creditor's matrix within the time provided. Semco continued to disregard these essential bankruptcy requirements even after Katie's Seafood filed its Motion to Dismiss highlighting the missing documents. In fact, it took an order of this Court for Semco to file its Schedules and creditor's matrix on December 20, 2022.[87]

Again, the only relevant excuse provided by Semco is that James Wimberley had an unexpectedly complicated matter in another, unrelated state court case. In this context, the explanation is even less persuasive than in relation to the signatory defects because it overlooks the fact that the schedules and creditor's matrix should have been filed along with the Original and the Amended Petition in the first place. At the very least, Semco was mandated to file these documents within fourteen days after receiving notice on September 26, 2022. The continued failure to disclose such essential information to its creditors, the Trustee, and this Court represents significant bad faith and further cause for dismissal.

Thus, James Wimberley and Semco's failure to timely file schedules or a creditor's matrix supports dismissal of Semco's bankruptcy case for bad faith.

---

[84] *See In re Unruh*, 265 F. App'x 148, 150 (5th Cir. 2008) ("A finding of bad faith requires some form of deception, such as an effort to mislead creditors or to conceal assets, as opposed to a mere mistaken failure to list an asset or to claim an exemption . . . . Bad faith may also be shown by a gross and deliberate understatement of value of an asset, made in an attempt to deceive creditors or the bankruptcy court.") (citations omitted).

[85] *In re Luu*, 2009 Bankr. LEXIS 1397, 2009 WL 1519104 (Bankr. S.D. Tex. 2009); *In re Copeland*, No. 15-35125-H3-7, 2016 Bankr. LEXIS 3216, at *5 (Bankr. S.D. Tex. 2016).

[86] ECF No. 3.

[87] ECF No. 45.

**3. Eve of trial filing**

In it Motion to Dismiss, Katie's Seafood argues that because the filing of this bankruptcy case was on the weekend before jury selection was to commence in the State Court Litigation, Debtor's filing constitutes bad faith and should be dismissed.[88] Ordinarily, a bankruptcy filing on the eve of state court litigation, or a foreclosure action is not evidence of bad faith.[89] Indeed, many bankruptcies are filed for this reason.[90] Without more, the Court will not infer bad faith from a single incident of filing a case on the eve of a significant legal event.[91]

However, several courts have noted that an eve of trial filing may be an indicator of bad faith when a case essentially involves a two-party dispute.[92] In this case, other than Katie's Seafood, all liabilities listed in Semco's Schedules are insiders of the Debtor.[93] Besides Katie's Seafood, Semco lists non-priority secured claims to James Wimberley, Norman Caudle, STI, and Semco-Semcold LLC ("*Semcold*").[94] At the Initial Hearing, Norman Caudle testified that he has an interest in both Semco and Semcold.[95] Furthermore, James Wimberley, counsel for Semco, testified that he is also primary counsel for STI and that the reason he talk on the Semco representation was

---

[88] ECF Nos. 18, 18-7.

[89] *See In re Contino*, No. 11-24552 HRT, 2011 Bankr. LEXIS 2798, at *4 (Bankr. D. Colo. 2011) (Where a number of legal disputes are ongoing, it is not unusual that a bankruptcy will be filed on the eve of trial or close to it. Currently, it is very common for cases to be filed on the eve of foreclosure or even on the very day the hammer is to fall. Without more, the Court will not infer bad faith from a single incident of filing a case on the eve of a significant legal event.").

[90] *Id.*

[91] *Id.*

[92] *See In re Hayden*, No. 1:14-bk-11187-MT, 2015 Bankr. LEXIS 1541, at *10 (Bankr. C.D. Cal. 2015) ("Typical bad faith two-party dispute cases may involve delays on the eve of trial (litigation tactics), forum shopping, new-debtor syndrome (special purpose entities), repeat filers, and repeatedly delayed foreclosure sales."); *In re Herndon*, 218 B.R. 821, 825 (Bankr. E.D. VA. 1997) (dismissing chapter 13 case for cause after finding bad faith where the case was essentially a two-party dispute and where the debtor filed the case on the eve of a state court lawsuit which was brought by the only genuine creditor); *In re Fonke*, 310 B.R. 809, 816 (Bankr. S.D. Tex. 2004) (converting chapter 13 case to a chapter 7 case for cause, due to bad faith, where "the...Debtor's bankruptcy was motivated solely by the two-party dispute with [the creditor], and was essentially an attempt to thwart [the creditor] in the State Court Litigation and to engage in forum shopping.").

[93] ECF No. 46.

[94] *Id.*

[95] ECF No. 23 at 2:35:00-2:45:00.

that STI's representative asked him to "help out Mr. Caudle and Semco."[96] Therefore, Semco's only creditor who is not an insider is Katie's Seafood and this is a classic two-party dispute.

Semco maintains the purpose of filing for bankruptcy protection was to allow it to pursue a cause of action against First Mercury Insurance.[97] However, Katie's Seafood undermines this argument by offering a state court petition into evidence in which STI and Semcold brought the same insurance claim against First Mercury Insurance.[98] Curiously, over eighteen months have passed since the filing of that litigation and Semco has taken no action to join or file a separate action against First Mercury Insurance.[99] All of this evidence suggests that when Semco filed the Original Petition on the weekend before jury selection in the State Court Litigation, it did so merely to delay the proceedings in a two-party dispute. This is further evidence of bad faith and cause for dismissal pursuant to § 707(a).

Thus, Semco's eve of trial filing supports dismissal of Semco's bankruptcy case for bad faith.

**4. No assets to administer**

Katie's Seafood next argues that Semco's bankruptcy was filed in bad faith because it has no assets to administer.[100] In the Second Amended Petition, Semco lists total assets of $650,000.[101] This sum consists of three assets: $50,000 in business goodwill; a $350,000 cause of action against First Mercury Insurance; and a $250,000 cause of action against Southeast Texas Industries, Inc. ("STI") for indemnity.[102]

---

[96] *Id.* at 2:57:30-2:58:30.
[97] ECF No. 15.
[98] ECF No. 50.
[99] *Id.*
[100] ECF No. 11.
[101] ECF No. 46.
[102] *Id.*

Regarding the business goodwill, Semco representative Norman Caudle testified at the Initial Hearing that Semco is not currently operating and has never operated.[103] Norman Caudle also testified that his customer lists would not be of value to any local third-parties.[104] Furthermore, he testified that they do not own any patents or trademarks and no one has ever made an offer to purchase Semco's name.[105] Therefore, Semco's business goodwill carries no value.

Next, as chapter 7 trustee Catherine Curtis (the "*Trustee*") argued through counsel at the Final Hearing,[106] it appears that the two causes of action for $350,000 and $250,000 would simply be payable to Katie's Seafood. Both of these causes of action are listed as indemnity claims that Semco would be seeking in connection to the State Court Litigation with Katie's Seafood.[107] Although insurance policies are property of the estate,[108] there is no legitimate bankruptcy purpose in administering these assets through the chapter 7 estate. Thus, Semco's lack of assets to administer supports dismissal of Semco's bankruptcy case for bad faith.

**B. Whether dismissal of Semco's chapter 7 bankruptcy with prejudice is warranted**

In this Court's view, the balancing of the equities favors dismissal of this Chapter 7 case pursuant to § 707(a). First, Semco and its attorney James Wimberley acted in bad faith by violating Bankruptcy Rules 1008, 5005, and 9011 as well as Bankruptcy Local Rules 1001-1 and 5005-1. More significantly, Semco has unreasonably delayed the proceedings by failing to promptly address these violations after being notified of the signatory and filing defects in Katie's Seafood's Motion to Dismiss. Second, Semco also acted in bad faith when it delayed the filing of its

---

103 ECF No. 23 at 2:35:00-2:45:00.
104 *Id.*
105 *Id.*
106 ECF No. 51 at 3:45:00-3:50:00.
107 ECF No. 46.
108 *Martinez v. OGA Charters, L.L.C. (In re Charters, L.L.C.)*, 901 F.3d 599, 603 (5th Cir. 2018) (noting that insurance policies are property of the estate but analyzing whether the proceeds of the insurance policy are also property of the estate).

schedules and creditor's matrix and again failed to promptly address these defects. Third, Semco further demonstrated bad faith when it initiated this bankruptcy proceeding on the eve of trial in the State Court Litigation merely to delay a two-party dispute. Finally, Semco's lack of assets to administer supports dismissal of Semco's bankruptcy case for bad faith . Therefore, Semco's numerous acts of bad faith provide cause for dismissal of this chapter 7 proceeding pursuant to § 707(a).

Katie's Seafood further requests that Semco's case not only be dismissed, but that it is dismissed with prejudice to refiling for at least one year.[109] Ordinarily, cases dismissed with prejudice are subject to a 180-day bar.[110] However, where, as here, there is significant cause to dismiss a case, the Court may "further sanction the debtor by [prohibiting] the debtor from refiling for a longer period of time."[111] For example, when the cause for dismissal is the debtor's bad faith, courts have applied one-year bars to refiling.[112] Here, the Court finds that Semco's pattern of bad-faith conduct establishes cause to dismiss this case with prejudice with a one-year bar to refiling.

Accordingly, Semco's chapter 7 petition is dismissed with prejudice to refiling until January 12, 2024.

### C. Whether Katie's Seafood should be awarded attorney's fees resulting from Debtor's bad faith filing

Katie's Seafood has also requested that the Court sanction the Debtor and James Wimberley by awarding Katie's Seafood attorney's fees.[113] In the United States, courts follow the American Rule, which holds that the prevailing litigant is not entitled to collect reasonable attorney's

---

[109] ECF No. 11.
[110] 11 U.S.C. § 109(g).
[111] *In re Turner*, No. 22-60410-MMP, 2022 Bankr. LEXIS 2931, at *6-7 (Bankr. W.D. Tex. 2022); *In re Parson*, 632 B.R. 613, 627 (Bankr. N.D. Tex. 2021).
[112] *See, e.g., In re Stockwell*, 579 B.R. 367 (Bankr. E.D. N.C. 2017) (dismissing debtor's case with prejudice for one year following a finding of bad faith); *see also In re Hieter*, 414 B.R. 665 (Bankr. D. Idaho 2009) (dismissing debtor's case with prejudice for thirteen months for a bad-faith voluntary dismissal of own chapter 13 case).
[113] ECF No. 11.

fees from the loser unless an exception applies.[114] One exception is Bankruptcy Rule 9011(c) which allows the Court to impose sanctions "sufficient to deter repetition of such conduct [found to violate Bankruptcy Rule 9011] or comparable conduct by others similarly situated."[115]

Another exception is § 105(a) of the Bankruptcy Code, under which a bankruptcy court also can impose sanctions. Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

This section provides bankruptcy courts with the "broad power to implement the provisions of the bankruptcy code and to prevent an abuse of the bankruptcy process, which includes the power to sanction counsel."[116] The word "any," as used in § 105(a), should be construed broadly and only is limited to those orders that are "necessary and appropriate" to carry out the Bankruptcy Code.[117]

Here, Semco and James Wimberley have violated numerous Bankruptcy Rules and Local Rules, including Bankruptcy Rule 9011. The Court finds that, pursuant to Bankruptcy Rule 9011(c), fee shifting is appropriate so as "to deter repetition of such conduct." Furthermore, fee shifting is also necessary and appropriate pursuant to § 105(a). Semco and James Wimberley demonstrated bad faith in unduly delaying the proceedings and failing to comply with basic disclosure obligations. Therefore, the Court finds that it is necessary and appropriate to hold Semco and James Wimberley jointly and severally liable for Katie's Seafood's fees incurred in connection with Semco's bad faith filing.

---

[114] *Pearl Res. LLC v. Allied OFS LLC (In re Pearl Res. LLC)*, 645 B.R. 530 (Bankr. S.D. Tex. 2022).
[115] FED. R. BANKR. P. 9011(c).
[116] *In re Clark*, 223 F.3d 859, 864 (8th Cir. 2000).
[117] *Jove Eng'g, Inc. v. IRS (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1554 (11th Cir. 1996).

Specifically, in the Fee Application, Katie's Seafood requested a total of $22,002.50 in attorney's fees.[118] In support, Katie's Seafood attached a breakdown of the fees incurred as well as accompanying affidavits from attorney's who performed the work stated.[119] At the Initial Hearing, James Wimberley, on behalf of Semco, stipulated to Katie's Seafood's request for attorney's fees to the extent reasonable and necessary.[120] Therefore, Katie's Seafood will be awarded $22,002.50.

Accordingly, not later than February 13, 2023, Semco and James Wimberley must pay Katie's Seafood $22,002.50 in reasonable and necessary attorney's fees. Semco and James Wimberley will be jointly and severally liable for payment.

## IV. CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED January 13, 2023

Eduardo V. Rodriguez
Chief Judge
United States Bankruptcy Court

[118] EF No. 33.
[119] ECF Nos. 33; 33-1; 33-2; 33-3; 33-4.
[120] ECF No. 23.